UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
LUKE MAAS,

                Plaintiff,

                      **ORDER**
      -against-             12-CV-02951 (ADS)(AKT)

SPENCER LEASING CORP. d/b/a BAY
SHORE AUTO PARK d/b/a L&B AUTO
SALES AND SERVICE and WISDOM
PORTFOLIO SERVICES, LLC,

                Defendants.
---------------------------------------------------------X

**APPEARANCES:**

**The Law Offices of Robert J. Nahoum**
*Attorneys for the plaintiff*
99 Main Street
Suite 311
Nyack, NY 10960
    By: Robert J. Nahoum, Esq., Of Counsel

**Michael L. Kohl, P.C.**
*Attorneys for defendant Wisdom Portfolio Services, LLC*
POB 9000
Farmingdale, NY 11735-9000
    By: Michael L. Kohl, Esq., Of Counsel

**NO APPEARANCE:**

Spencer Leasing Corp.

**SPATT, District Judge**.

      On June 13, 2012, the Plaintiff Luke Maas ("the Plaintiff") commenced this action against the Defendants Spencer Leasing Corp. d/b/a Bay Shore Auto Park d/b/a L&B Auto Sales and Service ("Spender") and Wisdom Portfolio Services, LLC ("Wisdom," and collectively "the Defendants"). The Plaintiff seeks to secure redress against unlawful lending and business practices allegedly engaged in by the Defendants relating to an automobile purchase transaction.

1

He asserts claims for (1) violation of the Truth In Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"); (2) violation of New York State's usury Law, New York General Obligations Law ("NYGOL") § 5-501l; (3) common law fraud; (4) common law conversion; and (5) violation of New York General Business Law ("NYGBL") § 349(h). On October 27, 2012, the Defendant Wisdom was voluntarily dismissed without prejudice from this action, so that the Defendant Spencer is the only remaining defendant.

On August 2, 2012, the Clerk of Court noted the default of the Defendant Spencer and on November 20, 2012, the Plaintiff moved for a default judgment. Thereafter, on December 21, 2012, the Court respectfully referred this matter to United States Magistrate Judge A Kathleen Tomlinson for a recommendation as to whether the motion for a default judgment should be granted, and if so, (1) whether damages should be awarded, including reasonable attorney's fees and costs, and (2) whether any other relief should be granted.

On August 19, 2013, Judge Tomlinson issued a Report and Recommendation (the "Report") recommending that the Court (1) enter a default judgment against the Defendant Spencer on the Plaintiff's TILA, common law fraud, common law conversion and NYGBL § 349 claims; (2) dismiss the Plaintiff's NYGOL § 5-501 claim with prejudice; and (3) award the Plaintiff damages as follows: (a) statutory damages in the amount of $2,000; (b) actual damages in the amount of $3,393.49; (c) attorney's fees in the amount of $8,730; and (d) costs in the amount of $408. (Report at 33.) On August 29, 2013, the Plaintiff served the Report on the Defendant Spencer. To date, there have been no objections filed to the Report.

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely

objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). The Court has reviewed Judge Tomlinson's Report and finds it to be persuasive and without any legal or factual errors. There being no objection to Judge Tomlinson's Report, it is hereby

**ORDERED**, that Judge Tomlinson's Report and Recommendation is adopted in its entirety. The Court (1) enters a default judgment against the Defendant Spencer on the Plaintiff's TILA, common law fraud, common law conversion and NYGBL § 349 claims; (2) dismisses the Plaintiff's NYGOL § 5-501 claim with prejudice; and (3) awards the Plaintiff damages as follows: (a) statutory damages in the amount of $2,000; (b) actual damages in the amount of $3,393.49; (c) attorney's fees in the amount of $8,730; and (d) costs in the amount of $408; and it is further

**ORDERED**, that the Clerk of the Court is directed to enter judgment in favor of the Plaintiff and against the Defendant Spencer in the total amount of $14,531.49; and it is further

**ORDERED**, that the Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
September 18, 2013

_____/s/ Arthur D. Spatt_____
ARTHUR D. SPATT
United States District Judge